AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**WENJIAN ZHOU,**<br><br>**Defendant** | )<br>)<br>)  Case No.  8:25-MJ-16 (GLF)<br>)<br>)<br>)<br>)<br>) |

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
JAN 2 8 2025
AT____ O'CLOCK
John M. Domurad, Clerk - Plattsburgh

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of January 22, 2025 in the county of Franklin in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with intent to distribute a controlled substance, in that the defendant knowingly and intentionally possessed with intent to distribute 50 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance |

This criminal complaint is based on these facts:
Click here to enter text.

☒ Continued on the attached sheet.

_____
Complainant's signature
Special Agent Niles DuPont, DEA
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: JANUARY 28, 2025

_____
Judge's signature

City and State: Plattsburgh, NY

Hon. Gary L. Favro, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Niles DuPont, being duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Agent with the United States Drug Enforcement Administration (DEA). I have been a Task Force Agent (TFA) with DEA since 2014. In addition to my position as a TFA, I am a Special Agent with the United States Bureau of Indian Affairs. I have been a Special Agent with BIA since April 2014. I was previously a special agent with Department of Homeland Security, Homeland Security Investigations and graduated from the Federal Law Enforcement Criminal Investigations Training Program in 2012. I have participated in numerous narcotics investigations during the course of which I have conducted physical and wire surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers. Through my training, education and experience (including monitoring wiretapped conversations of drug traffickers, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking), I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, and the efforts of persons involved in such activities to avoid detection by law enforcement. I have participated in the investigation and prosecution of complex narcotics enterprises, including major narcotics organizations. These investigations included the use of court-ordered eavesdropping. I have also conducted analyses of telephone billing records for telephones used by narcotics traffickers. Narcotics officers and agents who belong to the DEA's Plattsburgh Resident Office also have extensive experience in narcotics investigations, especially involving high-level narcotics traffickers and money launderers. I have had and continue to have

conversations with narcotics agents and officers of the Plattsburgh Resident Office concerning this investigation and other narcotics related investigations.

2. I make this affidavit based upon my personal knowledge and upon information received by me from other law enforcement officials. The statements of fact contained in this affidavit are based upon my personal knowledge, participation in the investigation, information provided by agents of the DEA and other law enforcement agencies, analysis of documents, and my experience and training as a Special Agent. As a result of my participation in this investigation, I am fully familiar with the facts and circumstances of the investigation.

3. As part of my duties, I have become involved in an investigation of a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), possession with intent to distribute a controlled substance. The statements in this affidavit are based on information provided to me by other law enforcement officers and my investigation of this matter. I have set forth only those facts that I believe are necessary to establish probable cause to believe that Wenjian ZHUO has committed a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## PROBABLE CAUSE

4. On January 22, 2025, at approximately 09:30 a.m., United States Border Patrol Agents (USBP) assigned to the Massena United States Border Patrol Station observed a Toyota Sienna van bearing New York Registration LHG8783. A query of the New York Registration through law enforcement databases revealed to the van to be registered to Wenjian ZHUO from Glendale, New York. The driver and sole occupant appeared to be an Asian male. USBP Agents maintained surveillance of the van while it waited at the Smoker's Warehouse parking lot adjacent to Twin Leaf Convenience Store. While surveilling the vehicle, the vehicle appeared to make

several counter surveillance maneuvers, which is a common tactic used by smugglers to alert them to any law enforcement that may be surveilling the targeted vehicle. Agents maintained surveillance of the vehicle until it met with a white colored newer model GMC/Chevrolet pickup truck at approximately 1:55 p.m. at the Twin Leaf Convenience Store.

5. A short time later, both vehicles departed the parking lot and travelled in tandem eastbound on State Road 37 and turned south onto Frogtown Road. The two vehicles parked at a residence in Hogansburg, New York, located on the Akwesasne Mohawk Indian Reservation ("AMIR"). While parked, USBP Agents were able to observe the driver open the rear passenger compartment and begin to move items around inside the vehicle while he was outside, leaning in.

6. The AMIR is an area known by law enforcement to be used by smugglers to traffic contraband, specifically people and drugs, internationally between the United States and Canada due to the AMIR's unique geographic features. In the past week alone, USBP in the area had successfully interdicted two smuggling events from the AMIR wherein people were concealed beneath luggage and packages in the rear of vehicles. Specifically, on one recent occasion, on or around January 7, 2025, a group of Chinese Nationals were intercepted during a smuggling event near Racquette Point Road on the AMIR. On another recent occasion, on or around January 16, 2025, Royal Canadian Mounted Police intercepted a group of Vietnamese Nationals concealed with luggage and marijuana, believed to be destined for the United States.

7. USBP Agents positioned themselves at points of egress from the residence and waited for the van to leave. The van was observed turning eastbound on State Route 37 from the intersection of Church Street. USBP Agents continued to surveil the vehicle in unmarked vehicles until the vehicle was at State Route 37 and Franklin County Route 4 where marked USBP vehicles

took over following the vehicle. USBP Agents followed the vehicle until it turned onto State Route 122 traveling eastbound.

8. At approximately 2:30 pm, two marked US Border Patrol units stopped the van. Upon their approach, uniformed Agents observed numerous boxes as well as luggage in the rear passenger compartment. The uniformed Agents approached the driver's window and immediately recognized the overwhelming odor of marijuana emanating from the open window. The Agents identified themselves as Border Patrol Agents and began questioning the driver as to his citizenship. The driver, later identified as Wenjian ZHUO, was found to be a citizen of China. Immigration records checks were run on the subject by Swanton Sector Dispatch. ZHUO was found to be a lawful permanent resident with an expired permanent resident card. ZHUO was removed from the vehicle and detained pending further investigation.

9. Based on the USBP Agents' training and experience, agents believed a smuggling event had taken place and there may be subjects hiding underneath the luggage in the passenger compartment or large amounts of contraband in the packages in the van. A brief search was conducted and numerous packages containing a green leafy substance consistent with marijuana were located in the vehicle. ZHUO, the van and the suspected contraband were transported back to the Massena Border Patrol Station for further processing.

10. While at the station, USBP found several boxes and bags containing a total of 210 packages of marijuana weighing a combined weight of approximately 245 pounds (approximately 111 kilograms). USBP Agents preformed a drug test on the suspected marijuana which yielded positive results.

11. Based on the foregoing, I submit that there is probable cause to believe that ZHUO committed a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

Attested to by the Affiant:                    Respectfully submitted,

*Niles DuPont* (signature)

Niles DuPont
Special Agent
Drug Enforcement Administration

I, the Honorable Gary L. Favro, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on January 28, 2025 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

*Gary L. Favro* (signature)

Honorable Gary L. Favro
U.S. Magistrate Judge