IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA          **)**
                                  **)**
          v.                      **)**          Case #8:25-cr-00222-GTS-1
                                  **)**
WENJIAN ZHOU                      **)**

## MEMORANDUM OF LAW

TABLE OF CONTENTS

Introduction ........................................................................................................ 1

Questions Presented............................................................................................ 1

Standard of Review ............................................................................................. 1

Factual Background ............................................................................................ 2

Argument.............................................................................................................. 3

    I.    This Court should enter a judgment of acquittal on Count II because Mr.
    Zhou did not constructively possess any marijuana........................................... 3

    II.    This Court should enter a judgment of acquittal on Count II because Mr.
    Zhou did not consciously avoid knowledge that he was transporting
    marijuana .......................................................................................................... 6

    III.    Even if this Court believes that Mr. Zhou consciously avoided knowledge
    of the boxes' contents, that is insufficient evidence to convict him for the
    conspiracy alleged in Count I............................................................................ 8

Conclusion ......................................................................................................... 10

## INTRODUCTION

This Court should enter a judgment of acquittal on all charges. Mr. Zhou was hired as a driver. There was zero evidence that he was aware of, or a member of, any marijuana-dealing organization. Second Circuit case law has reversed jury convictions under similar circumstances. Because Mr. Zhou was not involved in a criminal enterprise, he lacked dominion and control over any marijuana. For similar reasons, he lacked the specific intent necessary to convict him of a conspiracy to possess marijuana.

## QUESTIONS PRESENTED

1.      Should this Court find that no rational trier of fact could find beyond a reasonable doubt that Mr. Zhou possessed any marijuana?

*Suggested answer: Yes.*

2.      Should this Court find that no rational trier of fact could find beyond a reasonable doubt that Mr. Zhou had the specific intent to possess marijuana with the intent to distribute it as is necessary to convict him of conspiracy?

*Suggested answer: Yes.*

## STANDARD OF REVIEW

This Court is to "uphold a jury verdict if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Atilla*, 966 F.3d 118, 128 (2d Cir. 2020) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "A court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *Id.* (quoting *United States v. Espaillet,* 380 F.3d 713, 718 (2d Cir. 2004).

- 1 -

## FACTUAL BACKGROUND

While we do not concede the accuracy of the Government's case and instead must accept it under the applicable standard of review, the Government's evidence showed that Mr. Zhou was hired on WeChat to drive a car from New York City to Akwesasne and back. For the approximately 13-hour, 750-mile drive, he was to be paid $940.

He was asked to transport twelve suitcases and boxes. Without his prior knowledge, they contained marijuana. Someone put the boxes in his car and did not come along for the ride. Mr. Zhou videotaped the boxes, apparently so that he could establish that he delivered what he had been hired to deliver.

Most relevant to this motion, Mr. Zhou called a friend and expressed concern about the boxes. He was afraid to open them because, as the Government's translator put it, "they [the boxes] belong to other people." However, he was admittedly concerned that they were "unclean" and expressed concern that they might contain marijuana.

Mr. Zhou continued driving. Once he turned off Highway 37, Border Patrol agents pulled him over. They supposedly immediately recognized the overwhelming odor of marijuana coming from his car.

The agents arrested Mr. Zhou. They transported Mr. Zhou and the minivan to the Messena Border Patrol Station. There, agents seized Mr. Zhou's in-car cameras, several cell phones, his minivan, and the purported marijuana.

The Government brought charges against Mr. Zhou for possession of marijuana with the intent to distribute it and conspiracy to the same end. The jury convicted on all charges.

**ARGUMENT**

Mr. Zhou did not directly possess any drugs on his person. Since he did not actually possess any drugs, the question is whether he constructively possessed them. *See generally Henderson v. United States*, 575 U.S. 622, 626 (2015) ("Actual possession exists when a person has direct physical control over a thing."). Mr. Zhou first addresses typical constructive-possession principles. Then he addresses the Government's "conscious avoidance" theory.

### I.   This Court should enter a judgment of acquittal on Count II because Mr. Zhou did not constructively possess any marijuana.

"Constructive possession exists when a person has the power and intention to exercise dominion and control over the contraband in question. *United States v. Willis*, 14 F.4th 170, 181 (2d Cir. 2021) (internal quotation marks omitted) (quoting *United States v. Payton,* 159 F.3d 49, 56 (2d Cir. 1998)). It "may be shown by direct or circumstantial evidence." *Id.*

Important here is the requirement that the constructive possession be done "knowingly." *United States v. Gordils*, 982 F.2d 64, 71 (2d Cir. 1992) (quoting *United States v. Pelusio*, 725 F.2d 161, 167 (2d Cir. 1983). "Mere presence is insufficient." Willis, 14 F.4d at 181 (internal quotation marks omitted) (quoting *United States v. Facen*, 812 F.3d 280, 287 (2d Cir. 2016)).

Here, the Government presented no evidence that Mr. Zhou was actually aware that the boxes contained marijuana. It tried to plug the gap with its "conscious avoidance" theory, a claim Mr. Zhou discusses next. However, the Government has no claim that he looked into the boxes. While the Government dwelled at length on the smell of the marijuana, not all people know what it smells like. There was no clear

evidence that Mr. Zhou was subjectively aware of what the boxes contained. His suspicions are a matter for the conscious-avoidance doctrine, addressed in that next section.

Setting that aside, the evidence was insufficient to convict him. Merely having drugs in one's car is not enough evidence to convict. For instance, in *United States v. Rodriguez*, 392 F.3d 539 (2d Cir. 2004), Rodriguez and a co-defendant drove to a fast-food restaurant that was to be the site of a drug deal. They seemed to be serving as lookouts for a known drug trafficker who was about to sell drugs to a DEA informant. They sat several tables away from where the informant was talking terms with the trafficker. After the deal was made, they went back to their car and drove somewhere. Later, the car reappeared with the trafficker and the co-defendant in it. The car had 900 grams of heroin in it. After his arrest, Rodriguez asked about the whereabouts of "his car," referring to the car that contained the heroin. *Id.* at 189-91.

That evidence was insufficient to convict Rodriguez of constructively possessing the heroin that was in his car. The Second Circuit demanded evidence that he "knew the specific nature of the deal" between the trafficker and the informant. That was so regardless of whether he was serving as the trafficker's lookout. There was no such evidence. Nor did mere proximity cut it. Regardless of whether Rodriguez "likely knew that some type of crime was being committed," the Second Circuit reversed the jury's verdict. *Id.* at 198-200.

Here, there is no evidence that Mr. Zhou was aware of a plot to distribute marijuana. He did nothing more than act as a driver.

- 4 -

That is not enough, as the Second Circuit's decision in *United States v. Samaria*, 239 F.3d 228, 239 (2d Cir. 2001)[1] shows. There, the Second Circuit reverse a jury conviction for, among other things, possession of stolen property. His co-defendants used stolen credit cards to purchase expensive computer equipment. Federal agents saw a co-defendant loading a box with the equipment into Elaiho's car. On another occasion, they saw Elaiho drop a co-defendant off at the rental-mailbox store to which the goods were shipped. The Government also relied on Elaiho's false statements to agents and that he purportedly served as a lookout. *Id.* at 232, 236-38.

The Second Circuit found Elaiho's defense that he was merely a "gypsy cab driver taking passengers to their requested destination" and not a participant in the conspiracy demanded reversing his conviction. The Second Circuit explained: "There is no evidence that Elaiho handled any of the boxes or directed where they were to be taken or what was to be done with them. At all times, Elaiho appeared to follow the directions of" his co-defendants. "Elaiho did not, therefore, exhibit the dominion and control over the boxes necessary to find that he constructively possessed them." There had to be some evidence that he was actually a participant in the criminal scheme beyond driving some people who were. *Id.* at 232, 236-39, 239 n.8.

The same is true here. Nobody disputes that Mr. Zhou was hired for the job. Just as Elaiho, he was doing a driving job. That is no basis to claim that he was part of a marijuana-dealing organization. Without that evidence, Mr. Zhou lacks dominion and control of the marijuana.

---

[1] While Westlaw claims that *United States v. Huezo*, 546 F.3d 174 (2d Cir. 2008) abrogated *Samaria*, it did not. Instead, it distinguished *Samaria* on the facts.

**II.   This Court should enter a judgment of acquittal on Count II because Mr. Zhou did not consciously avoid knowledge that he was transporting marijuana.**

That leaves the Government's backup plan: conscious avoidance. Circuit courts have adopted a theory that a defendant's deliberate ignorance as to the nature of contraband is sufficient to establish constructive possession. Different circuits using different phrasings. The Second Circuit describes it as "conscious avoidance." It admittedly can apply to drug-possession cases. *See, e.g.*, *United States v. Jaswal*, 47 F.3d 539, 545 (2d Cir. 1995).

The theory applies "where a defendant has claimed lack of some specific aspect of knowledge necessary to conviction but where the evidence may be construed as deliberate ignorance." *United States v. Boothe*, 994 F.2d 63, 69 (2d Cir. 1993) (quoting United *States v. Lanza,* 790 F.2d 1015, 1022 (2d Cir. 1986). That theory "is warranted only where the evidence is such that a rational juror could be persuaded beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact. *Id.* (internal quotation marks omitted) (quoting *United States v. Rodriguez,* 983 F.2d 455, 458 (2d Cir. 1993)).

There is no apparent reason to believe that Mr. Zhou would be aware of a "high probability" that the bags and boxes contained marijuana besides the smell on which the Government placed much emphasis and the voice message where he raised concerns that there might be marijuana in them. There are no other circumstances of this case that would suggest that Mr. Zhou was transporting marijuana.

Those facts are insufficient evidence to convict on a conscious-avoidance theory. In a Ninth Circuit case the Second Circuit favorably cited, the court found that the potential smell of marijuana did not justify a conscious-avoidance instruction. The

- 6 -

notion is that the theory is inapplicable "where the only evidence alerting a defendant to the high probability of criminal activity is direct evidence of the illegality itself." The defendant either had actual knowledge via the smell, or, if she did not know what the smell was, then the conscious-avoidance theory would not plug the gap. *United States v. Nektalov*, 461 F.3d 309, 316 (2d Cir. 2006) (discussing *United States v. Sanchez-Robles*, 927 F.2d 1070, 1074 (9th Cir. 1991)).

Here, the Government failed to present evidence from which a jury could infer actual knowledge of what the smell was. While the Government is entitled to inferences after the jury convicted Mr. Zhou, there must be some basis for the inference. While marijuana use is common, not everybody is familiar with it. The Government needed to present something to suggest that Mr. Zhou knew what the smell was. It did not.

Nor are Mr. Zhou's vague concerns about the contents of the boxes and bags enough either. *United States v. Jaswal*, 47 F.3d 539 (2d Cir. 1995) does not demand the opposite conclusion. There, a jury convicted the defendant of transporting opium and heroin into New York City. He testified at trial. He explained "that he was threatened to bring a suitcase from Pakistan to New York and that he suspected the suitcase might contain drugs." The Second Circuit found that testimony sufficient to instruct the jury on conscious avoidance. *Id.* at 545. While the facts are somewhat similar, here Mr. Zhou merely sought advice from a friend about the possibility that the bags could contain marijuana. He was not threatened to engage in the unusual job of bringing a suitcase from a remote foreign country known as a source of opium into the United States. He was not threatened with violence. No circumstances of the transaction should have made Mr. Zhou believed that he was being hired to move contraband. Merely driving

some boxes and bags from northern New York to New York City is a reasonable and common business transaction.

In sum, the conscious-avoidance theory does not apply here. Since Mr. Zhou did not constructively possess the drugs either, he is not liable for possessing the marijuana.

### III. Even if this Court believes that Mr. Zhou consciously avoided knowledge of the boxes' contents, that is insufficient evidence to convict him for the conspiracy alleged in Count I.

Conspiracy requires specific intent to violate federal law. *United States v. Hassan*, 578 F.3d 108, 120 (2d Cir. 2008) (upholding the Controlled Substances Act against constitutional challenge on the basis that it requires scienter, relying on *United States v. Caseer*, 399 F.3d 828, 839 (6th Cir. 2005)). That requires proof that Mr. Zhou desired to distribute marijuana.

The Government failed to establish that. As discussed above, there is no evidence that Mr. Zhou even knew that there was marijuana in his car. The only way the Government could try to bridge the gap is by arguing conscious avoidance. However, that does not suffice to prove the intent required for conspiracy.

The Second Circuit has found that conscious avoidance is inconsistent with possessing the requisite specific intent. It does nothing more than establish the knowledge necessary to find constructive possession. *United States v. Samaria*, 239 F.3d 228, 239 (2d Cir. 2001)[2] (quoting *United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000)). However, it does not establish "specific intent to participate in the crimes charged." *Id*. at 239-40. Because the "mental state for conspiracy is intent, not mere knowledge," conscious avoidance is an insufficient basis for conspiracy liability. *Id*. at

---

[2] While Westlaw claims that *United States v. Huezo*, 546 F.3d 174 (2d Cir. 2008) abrogated *Samaria*, it did not. Instead, it distinguished *Samaria* on the facts.

240 (quoting *United States v. Mankani*, 738 F.2d 538, 547 n.1 (2d Cir. 1984)); *United States v. Ferrarini*, 219 F.3d 145, 155 (2d Cir. 2000) ("Conscious avoidance may not be used to support a finding as to the . . . intent to participate in a conspiracy . . .") (citing *United States v. Eltayib*, 88 F.3d 157, 170 (2d Cir. 1996)).

In *Samaria*, the case involving credit-card fraud discussed in the first section, the Second Circuit applied these principles to reverse a jury's conviction for conspiracy. The Government argued, among other things, that Elaiho had consciously avoided knowledge that the boxes contained stolen equipment. The Second Circuit categorically rejected the notion that, even were that so, it would establish the requisite intent for a conspiracy conviction. Because the Government failed to present evidence showing that Elaiho had any active role in the criminal conspiracy, it vacated his convicted. *Id.* at 232, 239-41.

The same is true here. Despite obtaining Mr. Zhou's WeChat messages and voice mails, the Government has never shown that Mr. Zhou had any involvement in a marijuana business. It does not claim that he had any involvement besides being hired to drive on one particular day. That is even less evidence than existed against Elaiho, who was involved in transportation on two separate days and who did other things suggestive of wrongdoing. There is thus insufficient evidence to convict Mr. Zhou of conspiracy-even if this Court convicts him of possession on a "conscious avoidance" theory.

## CONCLUSION

The defendant, Wenjian Zhou, respectfully requests that this Honorable Court enter a judgment of acquittal on all counts.

Respectfully submitted,

_/s/ Todd E. Henry_

THE HENRY LAW FIRM
By: Todd Edward Henry, Esquire
Atty ID #518422
1500 Walnut Street, Suite 1060
Philadelphia, PA 19102
(215) 545-7100
(215) 545-6611 (fax)
Attorney for Defendant

Dated: March 3, 2026

- 10 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA      **)**

                                 **)**

      v.                         **)**        Case #8:25-cr-00222-GTS-1

                                 **)**

WENJIAN ZHOU              **)**

### CERTIFICATE OF SERVICE

I, Todd Edward Henry, Esquire, hereby certify that, on the date below, I am electronically filing the foregoing Memorandum of Law in Support of the Defendant's Motion for Judgment of Acquittal using the CM/ECF System, which will automatically send notification of same to all counsel of record.

Respectfully submitted,

/s/ *Todd E. Henry*

THE HENRY LAW FIRM
By: Todd Edward Henry, Esquire
Atty ID #518422
1500 Walnut Street, Suite 1060
Philadelphia, PA 19102
(215) 545-7100
(215) 545-6611 (fax)
Attorney for Defendant

Dated: March 3, 2026