IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

WENJIAN ZHUO,

Defendant.

---

Case No.  8:25-CR-222 (GTS)

GOVERNMENT'S SENTENCING
MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum.

## I

## INTRODUCTION

On February 18, 2026, the defendant was convicted by a jury of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). In answering the special interrogatory, the jury found the defendant responsible for 50 kilograms or more of marijuana.

The charge arose from the defendant's involvement in trafficking marijuana from the Akwesasne Mohawk Indian Reservation ("AMIR") to New York City for distribution. In January 2025, the defendant was hired by an unknown individual to transport a person and boxes from the AMIR to New York City for which he would be paid $940. On January 22, 2025, the defendant drove from New York City to the AMIR. After waiting for hours, he followed Cooperating

Witness-1 ("CW-1") from a gas station to a house on the AMIR where primarily CW-1 loaded over a dozen boxes containing marijuana into the defendant's van, though the defendant loaded one box and adjusted many others. The defendant then drove alone toward New York City for 25 minutes and 18 miles before police stopped him.

Upon approach to the van, uniformed agents observed the numerous boxes as well as luggage in the rear passenger compartment. The agents approached the driver's window and immediately recognized the odor of marijuana emanating from the open van window.

The boxes were found to contain what laboratory testing confirmed was 94 kilograms of marijuana.

Video evidence from within the defendant's vehicle showed that he was aware he was transporting marijuana just minutes after he left the house.

The defendant is scheduled to be sentenced on June 30, 2026.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### 1.    Statutory Maximum and Minimum Sentences

The defendant's conviction under Count One for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), subjects the defendant to a statutory maximum term of 20 years imprisonment, a maximum fine of $1,000,000, and a maximum term of supervised release of life.  *See* 21 U.S.C. §841(b)(1)(C).  The defendant is required to pay a special assessment of $100, due and payable at or before sentencing.  *See* 18 U.S.C. § 3013.

**2.      Guidelines Provisions**

**a.      Offense Level**

As found by the jury, the defendant is responsible for 94 kilograms of marijuana, in that he was personally involved with that amount, and therefore his "base offense level" is 22, pursuant to U.S.S.G. § 2D1.1(c)(9).[1] The government agrees with probation that there are no applicable specific offense characteristics.

**b.      Acceptance of Responsibility**

The government agrees with the Probation Department's determination that the defendant is not entitled to credit for acceptance of responsibility.  He has in no way demonstrated acceptance of responsibility for his offense. He put the government to its burden of proof at trial. The commentary of U.S.S.G. § 3E1.1 states, "this adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying essential factual elements of guilt."  By claiming he did not know about the boxes contained marijuana, the defendant repeatedly denied an essential factual element of guilt and proceeded to trial.

**c.      Criminal History Category**

According to the presentence report, the defendant's criminal history category is I. The government agrees with the Probation Department's determination of the defendant's criminal history category. The government agrees the defendant meets the criteria of U.S.S.G. § 4C1.1(a)(1)-(10) and accordingly, his offense level is adjusted down by two levels.

---

[1] The defendant's arbitrarily selected base offense level of 18 should be rejected as unsupported by any facts.

#### d.    Guidelines Range and Sentence

As described above, the combined offense level is 20 and the criminal history category is I. This is consistent with the calculations in the presentence report, as discussed above. As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of 33 to 41 months imprisonment; a fine of between $15,000 and $1,000,000; a $100 special assessment; and a supervised release term of at least three years and up to life. It is noted the defendant has been detained since his arrest on January 22, 2025.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of the guideline sentence, followed by a term of supervised release of the guideline sentence.[2]

The defendant's primary focus in requesting a time served sentence is the government's pretrial plea offers to resolve the matter, but "nothing in 18 U.S.C. § 3553(a) or controlling precedent requires a sentencing court to consider a rejected plea offer." *United States v. Negron*, 524 F.3d 358, 360 (2d Cir. 2008). In any event, any plea offers were based on the defendant accepting responsibility for his criminal actions, which he has clearly failed to do.

---

[2] The government acknowledges that usually, pursuant to U.S.S.G. § 5D1.1(c), a supervised release term is not warranted for a deportable alien who will likely be deported after imprisonment, but the defendant was legally present in the United States, has an established life here and may not face certain removal.

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2) for the following reasons:

**The Nature, Circumstances, and Seriousness of the Offense.** The defendant ignored his suspicions about the pickup location and the drop-off location of this transport job, the amount of money he was being paid to simply move some boxes, and his concern over the person who hired him wanting the defendant's identification.

Within three minutes of leaving the address on Frogtown Road, the defendant called his friend and was the first to use the word "marijuana" to describe the boxes, told his friend that there might be illegal (literally: unclean) stuff in the boxes and went on to joke that the stuff he was transporting might be worth millions of dollars and he could sell it and retire.

For the next 22 minutes, the defendant proceeded 18 miles to New York City to deliver the marijuana so that he could be paid.

**The History and Characteristics of the Defendant.** The defendant has no criminal history, good family support, and his own business.  Notwithstanding, once he was aware of what he was doing, he chose to involve himself in trafficking significant amounts of marijuana. It is important to note that he *chose* to commit this crime. The defendant is self-employed as a transporter and tour guide. *See* Dkt. No. 84, ¶ 56. He had every opportunity to disavow the marijuana by turning it into police or leaving it on the side of the road, yet he continued with it to New York City after weighing the risks of police intervention so that he could be monetarily compensated for his time.

**Respect for the Law, Just Punishment, and Deterrence**. A guideline term of imprisonment will promote respect for the law, provide just punishment, and further both specific deterrence to the defendant and general deterrence to others. As the Supreme Court has observed, "in the ordinary case, the [Sentencing] Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Sentences within the advisory Guidelines range also promote Congress's goal in enacting the Sentencing Reform Act— "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

Through their elected representatives in Congress, the citizens of this country have made the distribution of marijuana a crime. Despite momentum to legalize marijuana, it remains illegal in this country and the illicit trafficking of marijuana remains a lucrative undertaking. In engaging in marijuana trafficking, the defendant evidenced disrespect for the laws of the United States. The recommended sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and deters future criminal conduct.[3]

---

[3] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 10th day of June 2026,

TODD BLANCHE
Acting Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:     */s/ Douglas G. Collyer*
Douglas G. Collyer
Assistant United States Attorney
Bar Roll No. 519096

**CERTIFICATE OF SERVICE**

I hereby certify on June 10, 2026, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

/S/ _Douglas G. Collyer_