

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

---

*Gateway Building*                                    *Tel.: (518) 314-7800*
*14 Durkee Street, Suite 340*                   *Fax: (518) 314-7811*
*Plattsburgh, New York 12901-2998*

July 2, 2026

Honorable Glenn T. Suddaby
Senior United States District Judge
U.S. Courthouse
100 S. Clinton St.
Syracuse, New York 13261

      **Re: USA v. Wenjian Zhuo**
      **Case No.: 25-CR-222 (GTS)**

Dear Judge Suddaby:

      I am in receipt of Defense Counsel's letters of June 19, 2026, dkt. no. 102, and June 29, 2026, dkt. no. 105. Please allow this letter to serve as the government's response.

      Defense seems to labor under the misconception that Federal Rule of Criminal Procedure 5(f) confers upon the defendant some additional benefit or protection and some different standard that does not require the defendant to show prejudice.[1] But Rule 5(f) does not confer anything other than what is already provided under *Brady v. Maryland* and its progeny. The plain text of the Court's Rule 5(f) order in this case makes that clear, to wit: "This order is entered…to confirm the Government's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating *those* obligations." *See* 8:25-MJ-16 (GLF), Dkt. No. 4 (emphasis added). Indeed, Rule 5(f) calls itself a "reminder" to the prosecutor not to violate *Brady*. *See* Title of Fed. R. Crim. Pro. 5(f), "*Reminder* of Prosecutorial Obligation." (emphasis added). "The Court's [Rule 5(f)] Order only 'confirms' the government's obligations under *Brady*—it does not, and could not, change them." *United States v. Carter,* 2022 WL 1292121, at *3 (S.D. Ohio Apr. 29, 2022).

      Accordingly, to show a violation of Rule 5(f), the defendant must show the government violated its *Brady* obligations. To establish a *Brady* violation, the defendant must show that "(1) the Government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice."

---

[1] *See* Defendant's June 29, 2026 letter, Dkt. No. 105. ("The letter was meant, first, to remind the Court that, by the Rule's legislative history and the Order's plain terms, the defense need not establish prejudice when, as here, the Government ignores a Rule 5(f) Order.").

Letter to Hon. Glenn T. Suddaby
U.S. v. Zhuo
25-CR-222
July 2, 2026
Page 2

*United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001) (citing *Strickler v. Green*, 527 U.S. 263, 281-82 (1999)). "The defendant establishes prejudice by showing that the suppressed evidence was material." *United States v. de la Cruz*, 818 F.Supp.3d 472, 480 (E.D.N.Y. Feb. 2, 2026). For the reasons stated in its original Response in Opposition to Defendant's Motion to Vacate and Dismiss the Indictment, *see* dkt. no. 100, the defendant has failed to do so here.

To those reasons, the government adds that the defendant's rank speculation that CW-1 must have said something exculpatory is just that, rank speculation. And "to establish a *Brady* violation, a petitioner 'must initially establish that the evidence sought, in fact, existed.'" *Paixao v. Brown,* 2009 WL 424170, at *3 (E.D.N.Y. Feb. 19, 2009). The defendant does not explain what evidence is exculpatory nor does he provide a firm basis for the belief that exculpatory evidence exists. "Since there is absolutely no evidence to support petitioner's *Brady* claim, discovery would be nothing more than a fishing expedition…his request to take discovery is denied." *Monserrate v. United States,* 2014 WL 7179628, at *7 (S.D.N.Y. Dec. 10, 2014).

The defendant also failed to articulate why CW-1's unoffered testimony would be relevant given that the entire interaction between CW-1 and the defendant was captured on video, which was provided to the defendant well in advance of trial and shown to the jury in full. *See United States v. Cristobal*, 2024 WL 1506750, at *5 (2d Cir. Apr. 8, 2024) (summary order) ("[E]ven assuming that these materials were suppressed, [the defendant] does not meaningfully explain how they were favorable to her, or how any belated disclosure of the materials resulted in prejudice" in denying defendant's appeal of her Rule 33 motion).

Moreover, at no point in either of the defendant's letters, does he cite any law supporting his threadbare assertions.

Finally, defense has repeatedly put forth that they shared their affirmation in support of the Motion to Vacate and Dismiss with the undersigned in advance of filing and it "drew no protest." *See* Defendant's June 19, 2026 letter, Dkt. No. 102. In reality, the government advised defense in an email that it would "offer its response [to the assertions] in court filings."

The defendant's motions to vacate and dismiss the indictment and to order disclosure should be denied in their entirety.

Letter to Hon. Glenn T. Suddaby
U.S. v. Zhuo
25-CR-222
July 2, 2026
Page 3

Very truly yours,

TODD BLANCHE
Acting Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:    */s/ Douglas G. Collyer*
       Douglas G. Collyer
       Assistant United States Attorney
       Bar Roll No. 519096

CC:    Patrick Brackley, Esq. *via ECF*