# PATRICK J. BRACKLEY

−ATTORNEY AT LAW −
233 BROADWAY, SUITE 2370
NEW YORK, NY 10279
TEL. (212) 334-3736

July 17, 2026

VIA ECF

The Honorable Glenn T. Suddaby, Sr. U.S.D.J.
Northern District of New York
James Hanley Federal Building, 11th Floor,
100 South Clinton Street,
Syracuse, New York 13261

  Re: United States v. Wenjian Zhuo 25 CR 222 (GTS)

Dear Judge Suddaby:

  I write in response to the Government's July 2 filing, in which it failed yet again to address the issue – why the Court should not order it to comply with the Justice Manual by disclose to the defense and the Probation Office any possibly exculpatory information that came into its possession through its arrest and prosecution of CW-1? - to which the Court twice ordered it to respond. ECF 92, 106.  The Government having thus waived its right to oppose disclosure, the Court should now order disclosure of the disputed material to the defense and the Probation Office.   It should also issue a new scheduling order(s) affording both adequate time to assess the relevance of the material to the pending *Brady* issue and sentencing.

A.  Factual Background

  In a motion filed on May 27, Mr. Zhuo sought dismissal on *Brady* grounds, or, alternatively an Order requiring the Government to "disclose all of Cooperating Witness-1's captured phone conversations in their entirety, his entire proffer and the entire analysis of his phone before further briefing and to meet its statutory and due process obligations by disclosing all information relevant to sentencing to both the Probation Office and the defense. ECF 92-94.  As a final alternative, Mr. Zhuo asked that the Court review the disputed material *in camera*.

  The Government opposed dismissal on *Brady* grounds, principally on the theory that, (it having suppressed the material in contravention of the plain dictates of the Justice Manual,) Mr. Zhuo's allegation of a violation was purely speculative, and because it ultimately dismissed the conspiracy count, even if it had improperly suppressed the

material, Mr. Zhuo could not prove prejudice on the distribution count,m the count of conviction.   The Government failed, however, to at all address Mr. Zhuo's alternative requests that the disputed material be disclosed to the defense pursuant to *Brady* and Rule 5(f) and to the defense and the Probation Office pursuant to Rule 32.  ECF 100.

Arguing that lack of access to the disputed material prevented me from effectively advocating for Mr. Zhuo (1) by establishing definitive suppression and prejudice in the *Brady* context or (2) proffering mitigating information in the sentencing context and (3) that the Probation Office is unable to fulfill its Rule 32 functions without access to the notes of Cooperating Witness-1's ("CW-1" ) proffer, I wrote on June 19 to renew my request that the Court order the Government to immediately turn over the proffer notes as well as any other material that is even possibly pertinent to the pending motion and the Court's selection of the appropriate sentence to both the defense and the Probation Office.  ECF 102.   I asked, as well, that the Court issue new scheduling orders affording me at least the same seven days from the date the Government discloses the disputed material that the Court has presently given me to respond to the Government's Brady opposirtion, ECF 100, and affording the Probation Office sufficient time to assess the significance of the disputed material to its Rule 32 responsibilities."   Id.

Construing the renewed request for disclosure as a separate motion, the Court ordered the Government to respond by July 10 and explained "the Court's Decision and Order on Defendant's letter-request will be decided based on the papers (without oral argument) unless the parties are otherwise notified." ECF 103.   The Government responded early, on July 2.  ECF 106.  It's "response" again failed completely to address the single pending issue: why the Court should not compel it to produce the disputed material, either to prove the defense allegations of a cover up misguided or to permit the defense to address the Government's *Brady* arguments that his suppression accusation was purely speculative and that he suffered no prejudice from its failure to disclose whatever persuaded it to dismiss the conspiracy count and decline to call CW-1 at trial.

B.    The Government Having Declined Multiple Opportunities To Oppose The Defense's Repeated Requests, The Court Must Deem Any Objection To Full Disclosure Now Waived

Under the party presentation principle, American courts function in an "adversarial system of adjudication" whereby "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Campbell, 26 F.4th 860, 872 (citing United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020)). This system is "designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." Id. (citing Greenlaw v. United States, 554 U.S. 237, 244 (2008) (quotation omitted).  Thus, the Government is not free to simply ignore difficult issues in the apparent belief that the Court will find its own reasons to deny a defense motion.

Waiver directly implicates the power of the parties to control the course of the litigation; if a party affirmatively and intentionally relinquishes an issue, then courts must respect that decision. United States v. Campbell, 26 F.4th 860, 872 (11th Cir. 2022). Because federal courts do not have "carte blanche to depart from the principle of party presentation basic to our adversary system," it is an "abuse of discretion" for a court "to override a party's deliberate waiver." Id. (citing Wood v. Milyard, 566 U.S. 463, 472–73 (2012)(internal punctuation omitted)).

While the Court twice *ordered* the Government to respond to the defense's requests that the Court order "full disclosure of all even possibly pertinent material to the defense and Probation", ECF 102, in order to permit the defense to (1) address the prejudice component of its pending *Brady* motion, (2) permit Probation to fulfill its Rule 32 obligations by making its sentencing recommendation on full information and (3) enable the defense to effectively advocate for Mr. Zhuo at sentencing, neither of the Government's two responses addressed either issue.   See ECF 100; 106.

The Government thus having intentionally waived its opportunity to object to full disclosure of the disputed material to both the defense and the Probation Office, United States v. Williams, 930 F.3d 44, 64-65 (2d Cir. 2019)(citing United States v. Spruill, 808 F.3d 585, 597 (2d Cir. 2015)(A claim is waived when a party "act[s] intentionally in pursuing, or not pursuing, a particular course of action."), the Court must grant the defense request.

C.      The Court Should Issue New Scheduling Order(s).

The Court having thus far failed to set a new date for the defense to respond to the Government's opposition to the motion to dismiss on *Brady* grounds, it should do so now, granting the defense seven days from the date of the Government's disclosure of the disputed material or seven days from any decision denying the defense's requests for disclosure.

D.      Should It Deny Mr. Zhuo All Other Relief, The Court Must Order The Government To Surrender The Disputed Material For Inclusion In The Record on Appeal

Finally, because any such decision would undermine Mr. Zhuo's right to review these potentially dispositive issues on direct appeal, should the Court refuse to order disclosure, or even to conduct *in camera* review, it should order the Government to gather all material even possibly pertinent to this inquiry and submit it to the Clerk of the Court for inclusion on the docket sheet and record on appeal.

4

Respectfully submitted,

Patrick J. Brackley (PJB 6808)

cc: AUSA Douglas Collyer