UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                                          8:25-CR-0222 (GTS)

WENJIAN ZHUO,

                              Defendant.

_____

APPEARANCES:                                          OF COUNSEL:

OFFICE OF THE UNITED STATES ATTORNEY          DOUGLAS G.N. COLLYER, ESQ.
FOR THE NORTHERN DISTRICT OF NEW YORK          Assistant United States Attorney
    Counsel for the Government
14 Durkee Street, Room 340
Plattsburgh, NY 12901

LAW OFFICE OF PATRICK JEROME BRACKLEY          PATRICK J. BRACKLEY, ESQ.
    Counsel for Defendant
233 Broadway, Suite 2370
New York, NY 10279

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this criminal action against Wenjian Zhuo ("Defendant"),

is his motion, under *Brady v. Maryland* and Fed. R. Crim. P. 5, to vacate his conviction for

Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. §

841(a)(1) and (b)(1)(C).   (Dkt. No. 92.)   For the reasons set forth below, Defendant's motion is

denied.

I.       PARTIES' ARGUMENTS

Generally, liberally construed, Defendant's memorandum of law argues that the Court

must vacate his conviction for Possession of a Controlled Substance with the Intent to Distribute because, before trial, the Government did not provide him with the following three categories of information involving a non-testifying confidential witness (together "CW-1 Evidence"): (1) the contents of CW-1's cellphone, which (Defendant argues) undermine a conspiracy charge against him by showing that CW-1 did not have contact with Defendant before the incident in question (unlike his alleged co-conspirators, with whom the CW-1 had extensive contact, according to the cellphone contents); (2) a recorded jail telephone call in which a suspected conspirator urged CW-1 not to cooperate with police, which (Defendant argues) undermine a conspiracy charge against him by showing that CW-1 viewed and treated him as outside the conspiracy; and (3) CW-1's proffer statements, which (Defendant argues) undermine a conspiracy charge against him by showing that CW-1 could not implicate Defendant in the conspiracy (which is why the Government abandoned the conspiracy charge against him).   (*See generally* Dkt. No. 93, at 12-23 [attaching pages "8" through "19" of Def.'s Memo. of Law].)

Generally, in its opposition, the Government asserts three arguments: (1) none of the above-described three categories of information needed to be disclosed to Defendant as exculpatory of the sole charge against him at trial (i.e., Possession of a Controlled Substance with Intent to Distribute, his conviction of which was primarily based on video evidence) or as otherwise discoverable under Fed. R. Crim. P. 16 or the Jencks Act (given that CW-1 was a non-testifying witness); (2) while the information may have been exculpatory of another charge (i.e., Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance), that charge had been voluntarily dismissed by the Government on February 4, nearly two weeks before the start of trial on February 17, 2026; and (3) Defendant has not been prejudiced in any

2

way by the non-disclosure, because (a) again, the Conspiracy charge was dismissed nearly two weeks before trial, (b) the evidence in question could not have affected Defendant's consideration of the pretrial plea offer of misdemeanor simple possession (which he ended up rejecting) given that the plea offer was a reduction of the Possession Count (not the Conspiracy count), (c) Defendant was convicted of the Possession charge, and (d) it does not matter if Defendant could have called CW-1 to testify at trial given that CW-1 would have testified to facts that were already contained on the video evidence admitted at trial (none of which was exculpatory).   (*See generally* Dkt. No. 100, at 5-12 [attaching pages "3" through "10" of the Gov't's Opp'n Memo. of Law].)

Instead of filing a reply, Defendant filed a letter-motion requesting an Order requiring "full disclosure of all even possibly pertinent material to the defense and Probation and [the] issu[ance of] new scheduling orders permitting each sufficient time to assess the probative value of the material in anticipation of the *Brady* reply and sentencing."   (Dkt. No. 102.)   The Government has opposed Defendant's letter-motion, and Defendant has replied to the Government's opposition.   (Dkt. Nos. 106, 107.)

## II.    GOVERNING LEGAL STANDARD

To succeed on a motion to vacate a conviction based on *Brady v. Maryland*, 373 U.S. 83 (1963) (imposing a constitutional obligation on the government to disclose material exculpatory and impeachment evidence to the defense), a defendant must prove the following three elements: (1) evidence existed favorable to the accused, because it was either exculpatory or impeaching; (2) the evidence was suppressed by the State, either willfully or inadvertently; and (3) prejudice ensued.   *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Boyette v. Lefevre*, 246 F.3d 76,

89(2d Cir. 2001).   On such a motion, a hearing is warranted only when the defendant submits "competent and admissible evidence which, if offered at a hearing, would entitle the movant to relief [if credited]."   *Lamberti v. United States*, 22 F. Supp.2d 60, 73 (S.D.N.Y. 1998).

## III.    ANALYSIS

After carefully considering the matter, the Court denies Defendant's motion for each of the alternative reasons stated in the Government's opposition memorandum of law.   *See, supra,* Part I of this Decision and Order.   To those reasons, the Court adds the following three points, which are intended to supplement and not supplant the Government's reasons.

First, with regard to CW-1's cellphone contents, the Court agrees with the Government that (a) lack of contact is not exculpatory of the Possession charge given that the Government never alleged that Defendant communicated with CW-1 before January 22 or with the suspected co-conspirator at all, and (b) in any event, Defendant already possessed equivalent information on his own cellphones, which were produced by the Government months before trial.

Second, with regard to CW-1's recorded jail telephone call, the Court agrees with the Government that the recording simply is not exculpatory, because (a) the call merely showed one suspected conspirator telling CW-1 not to cooperate (and CW-1 agreeing), and (b) nothing in the call exonerates Defendant of Possession of a Controlled Substance with Intent to Distribute (which was based on his self-deluding conduct during the 25 minutes after he picked up the unaccompanied fragrant-smelling boxes).

Third, with regard to CW-1's proffer statements, the Court agrees with the Government that (a) the proffer statements lack information exculpatory of the charge of Possession of a Controlled Substance with Intent to Distribute, and (b) had CW-1 testified at trial, he would have

testified only regarding the existence of the marijuana conspiracy, his own actions, Defendant's actions, and the parties' interactions on January 22, 2025 (all of which was otherwise presented to the jury, who found it to be non-exculpatory).

For all of these reasons, the Court denies Defendant's motion.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to vacate pursuant to Fed. R. Crim. P. 32 (Dkt. No. 92) is **DENIED**; and it is

**ORDERED** that Defendant's letter-motion is **DENIED** (Dkt. No. 102) as procedurally improper, unsupported by a showing of cause for the reasons stated in the Government's opposition, and/or moot.

Dated: July 24, 2026
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge